# 2008 DTA 107

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL VIII**

CARLOS BÁEZ CABÁN
Demandante-Recurrido

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
Demandado-Peticionario

Núm. KLCE-2008-00604

San Juan, Puerto Rico, a 27 de agosto de 2008

Panel integrado por su Presidente, el Juez González Vargas,
y las Juezas Velázquez Cajigas y Carlos Cabrera

Velázquez Cajigas, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Procurador General presentó un recurso de *Certiorari* en representación del Estado Libre Asociado de Puerto Rico (ELA), parte demandada-apelante, el 1 de mayo de 2008. Solicitó la revocación de la Resolución emitida por el Tribunal de Primera Instancia, Sala de Bayamón (TPI), el 26 de marzo de 2008, notificada el 1 de abril del mismo año. En dicha Resolución, el TPI declaró No Ha Lugar la solicitud de desestimación presentada por el ELA. La determinación estuvo basada en que el demandante-apelado, Carlos Báez Cabán, está eximido de cumplir con el requisito de notificación al ELA por ser un confinado y porque el Estado tiene la evidencia del caso, además de que la causa de acción no está prescrita, ya que los daños son continuos.

Por los fundamentos que exponemos más adelante, se confirma y modifica la Resolución del 26 de marzo de 2008.

### I

El 21 de marzo de 2007, Carlos Báez Cabán presentó una demanda por daños y perjuicios contra el ELA. Alegó que mientras se encontraba cumpliendo la sentencia que se le impuso en la institución carcelaria de Bayamón, bajo la custodia de la Administración de Corrección, fue objeto de múltiples agresiones y maltratos. Estos incidentes ocurrieron en febrero de 2006 y el 2 de abril de dicho año. De acuerdo con las alegaciones presentadas en la demanda, las agresiones fueron a causa de la ubicación del señor Báez en un área donde tenía conflicto con los demás confinados, situación que notificó al personal de la institución. Alegó que también fue víctima de otros abusos por parte de la Administración de Corrección, como por ejemplo, no le permitieron bañarse por más de tres días consecutivos, no le dieron comida en veinticuatro horas, entre otros. Los daños fueron estimados en setenta y cinco mil dólares.

La demanda fue contestada por el ELA y con posterioridad se presentó una Moción de Desestimación. Se planteó que debía desestimarse la reclamación porque el Estado no había sido notificado en el término de noventa días que dispone el Artículo 2A de la Ley de Reclamaciones y Demandas Contra el Estado, Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 L.P.R.A. §3077a, además de que estaba prescrita y el señor Báez no había agotado los remedios administrativos. [1] Carlos Báez Cabán presentó su oposición a esta moción y expresó que la reclamación no estaba prescrita, puesto que los daños severos fueron ocasionados el 2 de abril de 2006 y la demanda fue presentada en marzo de 2007. Según sus alegaciones, la demanda no está

prescrita bajo las teorías de daño continuo o sucesivo. En cuanto a la notificación que requiere la Ley de Pleitos Contra el Estado, indicó que por encontrarse en una institución penal, el Estado tiene toda la información sobre el hecho acontecido dentro del penal y el tratamiento médico que requirió a causa de la agresión. Como el Estado tiene la información de lo sucedido, se crea una excepción que permite que se presente una demanda sin haber notificado al ELA dentro de los noventa días que dispone la ley.

El TPI declaró Sin Lugar la Moción de Desestimación presentada por el ELA el 26 de marzo de 2008 y notificada el 1ro de abril del año en curso. Inconforme con esta determinación, el Procurador General presentó un recurso de *Certiorari* ante este Foro Intermedio, en el que alegó que:

*"1. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO REQUERIR AL DEMANDANTE PRESENTAR JUSTA CAUSA POR NO HABER NOTIFICADO AL ESTADO Y DENEGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR EL ESTADO, BASÁNDOSE EN QUE "SE TRATA DE UN CONFINADO BAJO LA CUSTODIA DEL ESTADO, EL CUAL TIENE CONTROL SOBRE EL MISMO Y TODAS LAS ACTUACIONES QUE DAN BASE A LA PRESENTACIÓN DE LA DEMANDA.*

*2. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EL ESTADO TIENE A SU ALCANCE TODA LA DOCUMENTACIÓN PERTINENTE A LOS HECHOS Y EN SU MAYORÍA, SI NO EN SU TOTALIDAD, HA SIDO GENERADA POR [EL ESTADO].*

*3. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ENCONTRAR QUE LOS HECHOS ALEGADAMENTE OCURRIDOS EN FEBRERO DE 2006 NO ESTÁN PRESCRITOS."*

Luego de examinar los alegatos presentados por ambas partes, procedemos a resolver.

## II

### A. Notificación al ELA

Analizaremos los primeros dos errores en conjunto por estar relacionados entre sí.

La Ley de Pleitos contra el Estado, *supra*, (en adelante Ley 104), establece que el Estado podrá responder por actos y omisiones de sus funcionarios. En particular, el Artículo 2 de la Ley 104, *supra*, autoriza a demandar al Estado por las siguientes causas: (a) acciones por daños y perjuicios a la persona o a la propiedad por actos causados por acción u omisión de cualquier funcionario o empleado público actuando en su capacidad oficial y dentro del marco de sus funciones, interviniendo culpa o negligencia; (b) acciones para reivindicar propiedad mueble e inmueble o derechos sobre éstas; (c) acciones civiles que se funden en la Constitución o leyes de Puerto Rico.

Sin embargo, la autorización para demandar al Estado está limitada por la exigencia del cumplimiento con ciertas condiciones. Una de éstas es el requisito de notificar por escrito al Secretario de Justicia cualquier demanda en la que se aleguen daños y perjuicios dentro de los noventa días siguientes al conocimiento del daño. En lo pertinente, la Ley 104, *supra*, fue enmendada por la Ley Núm. 121 de 24 de junio de 1966, para incorporar como Artículo 2a lo siguiente:

*"(a) Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia.*

*(b) Dicha notificación se entregará al Secretario de Justicia remitiéndola por correo certificado, o por diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.*

*(c) **La referida notificación escrita se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños** que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.*

*(d) Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligado a notificar la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor, o la persona sujeta a tutela, haga la referida notificación, dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad o custodia, o tutela, no lo hiciere.*

*(e) **No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta sección, a menos que no haya mediado justa causa para ello.** Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.*

*(f) Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por la sec. 5298 del Título 31.*" (Énfasis nuestro).

El requisito de notificación tiene los siguientes propósitos: proporcionar a los cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; desalentar las reclamaciones infundadas; propiciar el pronto arreglo de las mismas; permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; advertir a las autoridades públicas de la existencia de la reclamación para que provea la reserva necesaria en el presupuesto anual; mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. *Zambrana Maldonado v. E.L.A.,* 129 D.P.R. 740, 755 (1992); *Mangual v. Tribunal Superior,* 88 D.P.R. 491, 494 (1963).

En otras palabras, dicho requisito tiene el propósito de avisarle al Gobierno que ha surgido una probable causa de acción por daños en su contra para que pueda activar sus recursos de investigación prontamente, antes que desaparezcan los testigos y las pruebas objetivas. *Berríos Román v. E.L.A,* 171 D.P.R. _____ (2007), **2007 J.T.S. 125**; *Romero Arroyo v. E.L.A.,* 127 D.P.R. 724, 734 (1991).

El requisito de notificación es de cumplimiento estricto y no de carácter jurisdiccional. *Berríos Román v. E. L.A., supra; Loperena Irizarry v. E.L.A.,* 106 D.P.R. 357, 359-360 (1977). "*Esta calificación libera al tribunal de un automatismo dictado por el calendario y salva su fundamental facultad para conocer del caso y proveer justicia según lo ameriten las circunstancias*". *Loperena Irizarry v. E.L.A., supra,* a la pág. 360. Por tanto, nuestro Tribunal Supremo ha reconocido excepciones a dicho requisito, desarrollando una trayectoria liberalizadora, conforme a los propósitos que inspiraron su adopción y "*con el fin de 'no extender sin sentido crítico el requisito de notificación' a situaciones en las que sus objetivos carecen de virtualidad y podrían conllevar una injusticia*". *Berríos Román v. E.L.A., supra; Passalacqua v. Mun. de San Juan,* 116 D.P.R. 618, 629 (1985). A modo de ejemplo, se ha resuelto que la notificación es renunciable (*Loperena Irizarry v. E.L.A., supra,* a la pág. 360); que si existe una aseguradora a quien pueda demandarse directamente, no hay que cumplir con éste (*Cortés Román v. E.L.A.,* 106 D.P.R. 504, 516 (1977)); que la iniciación de la acción judicial por un

municipio o el Estado dentro del término establecido por la ley para la notificación hace inoperante el requisito de previa notificación de una reconvención en su contra (*Insurance Co. of P.R. v. Ruiz*, 96 D.P.R. 175, 179-180 (1968)), y que una disposición estatutaria que limite de alguna manera el derecho de los perjudicados a solicitar indemnización debe examinarse restrictivamente (*Zambrana Maldonado v. E.L.A., supra*, a la pág. 756; *Insurance Co. of P.R. v. Ruiz, supra*, a la pág. 179).

Como parte de su trayectoria liberalizadora, en *Meléndez Gutiérrez v. E.L.A.*, 113 D.P.R. 811, 815 (1983), dentro del contexto de una causa de acción por impericia médica, nuestro más alto foro resolvió que el requisito de notificación dentro de los noventa días no es de aplicación inexorable en casos donde el riesgo que la prueba objetiva pueda desaparecer sea mínimo y haya constancia efectiva de la identidad de los testigos permitiendo que el Estado pueda fácilmente investigar y corroborar los hechos alegados en la demanda que sea presentada. *Véase también, Berríos Román v. E.L.A., supra; Zambrana Maldonado v. E.L.A., supra*, a las págs. 755-756 (1992). Cabe señalar que en dicho caso, se eximió del cumplimiento del requisito de notificación aun a los demandantes que no adujeron justa causa para no haber cumplido con éste. *Meléndez Gutiérrez v. E.L.A., supra*, a las págs. 814-815.

Recientemente, en *Berríos Román v. ELA, supra,* nuestro Tribunal Supremo reiteró la jurisprudencia antes expuesta, destacando que solamente ha excusado el fiel cumplimiento del requisito de notificación cuando se configura el elemento atemperante de la justa causa. Aunque reconoció que dicho foro ha desarrollado una tendencia liberalizadora en la aplicación del requisito de notificación, reiteró que el término de noventa días está vigente y que, como norma general, sólo puede ser obviado por justa causa en circunstancias excepcionales. Particularmente, expresó:

*"...debemos reiterar la vigencia y validez del requisito de notificación. Es menester puntualizar que nuestros pronunciamientos no han proclamado que el requisito de notificación es uno irrazonable o que su aplicación restringe de forma indebida el derecho de un perjudicado de reclamar compensación al Estado. Todo lo contrario, **hemos reconocido su validez y sólo hemos eximido al reclamante de notificar al Estado cuando dicho requisito no cumple con los propósitos y objetivos de la Ley y cuando jurídicamente no se justifica aplicarlo a las circunstancias de cada caso en particular, ya que no fue para ellas que se adoptó.**"* [Énfasis suplido]. *Berríos Román v. E.L.A., supra.*

Es preciso aclarar que en *Berríos Román v. E.L.A., supra,* nuestro Tribunal Supremo no revocó la jurisprudencia que había sido desarrollada hasta ese momento, sobre la aplicación del requisito de notificación al Estado. Contrario a ello, en dicha opinión, nuestro más Alto Foro reiteró sus anteriores decisiones. Igualmente, reiteró la existencia del requisito, explicando que la jurisprudencia de tendencia liberalizadora de éste no tiene el efecto de eliminarlo.

Por último, cabe señalar que la opinión del caso *Berríos Román v. E.L.A., supra,* fue resuelta en el contexto de una demanda contra el ELA por daños y perjuicios alegadamente sufridos como consecuencia de las condiciones pésimas de la carretera en la cual transitaba el demandante en ese caso.

## B. Prescripción

Los propósitos principales que persigue la institución de la prescripción de las causas de acción fueron descritos en *Arce y otros v. Motorola*, 173 D.P.R. ___ (2008), **2008 J.T.S. 79**, como sigue:

*"La prescripción es una institución de derecho sustantivo regida por las disposiciones de nuestro Código Civil. El Artículo 1861 del Código Civil, 31 L.P.R.A. § 5291, establece que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". El propósito de dicha figura es "evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos, ya que el transcurso del período de*

*tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono". González v. Wal-Mart, Inc., 147 D.P.R. 215 (1998). La prescripción extintiva evita las consecuencias que genera la resucitación de reclamaciones viejas como la pérdida de evidencia, la pérdida de testigos o dificultad para contactarlos y la memoria imprecisa. Culebra Enterprises Corp. v. E.L.A., 127 D.P.R. 943, 950 (1991). En particular, constituye una de las formas en que se extinguen las obligaciones, debido a la inacción de la parte afectada en el ejercicio de sus derechos." Galib Frangie v. El Vocero*, 138 D.P.R. 560, 574 (1995).

Dicha institución persigue concederle a la parte afectada un período de tiempo razonable para ejercer sus derechos y a la vez **proteger a la parte demandada de estar sujeta a una posible reclamación de forma indefinida**. *Rivera Castillo v. Mun. de San Juan*, 130 D.P.R. 683 (1992). Al evaluar bajo nuestro ordenamiento civil, cuándo debe interrumpirse un período prescriptivo, estos intereses deben ser considerados. *Id.* (Énfasis suplido.)

El Artículo 1868 del Código Civil de Puerto Rico, 31 L.P.R.A. §5298, establece que las acciones de daños y perjuicios prescriben por el transcurso de un año, desde que el agraviado conoció el daño. *Santiago v. Ríos*, 156 D.P.R. 181 (2002). En cuanto a esto, el Tribunal Supremo expresó que:

*"...el momento que se toma como verdadero punto de partida en una acción de daños y perjuicios lo es la fecha en que el perjudicado conoció del daño; quién fue el autor del mismo; y, además, desde que éste conoce los elementos necesarios para poder ejercitar efectivamente su causa de acción." Id.; Padín Espinosa v. Cía. Fomento Ind. de P.R.*, 150 D.P.R. 403 (2000).

Nuestra jurisprudencia reconoce dos tipos de daños: los sucesivos y los continuos o continuados. Estos últimos se han definido como:

*"...aquellos producidos por uno o más actos culposos o negligentes imputables al actor, coetáneos o no, que resultan en consecuencias lesivas ininterrumpidas, sostenidas, duraderas sin interrupción, unidas entre sí, las cuales al ser conocidas hacen que también se conozca -por ser previsibles-, el carácter continuado e ininterrumpido de sus efectos, convirtiéndose en ese momento en un daño cierto compuesto por elementos de un daño actual (aquél que ya ha acaecido), y de daño futuro previsible y por tanto cierto." Rivera v. Mun. de San Juan*, 170 D.P.R. __ (2007), **2007 J.T.S. 24**; *Santiago v. Ríos, supra; Galib Frangie v. El Vocero*, 138 D.P.R. 560, 575 (1995).

Por otra parte, los daños sucesivos fueron definidos como:

*"...una secuencia de reconocimientos de consecuencias lesivas por parte del perjudicado, las que se producen y manifiestan periódicamente, o aun continuamente, pero que se van conociendo en momentos distintos entre los que medió un lapso de tiempo finito, sin que en momento alguno sean previsibles los daños subsiguientes, ni sea posible descubrirlos empleando diligencia razonable. [Op. cit.] Es decir, el rasgo determinante de esta categoría es que la repetición del daño no es previsible. No puede considerarse que la secuencia de los daños ciertos son previsible cuando la repetición de los episodios lesivos es meramente especulativa." Rivera v. Mun. de San Juan, supra.*

Asimismo, expresó el Tribunal Supremo en *Santiago v. Ríos, supra*, que los daños sucesivos son *"una secuencia de daños ciertos que se repiten –sin que sea necesario que sean idénticos en su naturaleza, grado, extensión y magnitud–, cuya repetición no es previsible en sentido jurídico ni son susceptibles de ser descubiertos empleando diligencia razonable."* A diferencia de los daños continuos, en los sucesivos, el reconocimiento de una lesión por un acto culposo o negligente produce un daño distinto, y en consecuencia una causa de acción independiente. *Rivera v. Mun. de San Juan, supra; Santiago v. Ríos, supra*. Es por esto que el

término prescriptivo para ejercer cada una de estas acciones comienza a contar desde que se manifiesta el daño y el perjudicado tiene conocimiento del mismo.

## III

El Procurador General presentó dos errores relacionados con la falta de notificación al Secretario de Justicia. Como hemos mencionado, la Ley 104 dispone que no puede iniciarse una acción en daños y perjuicios contra el Estado si no se notificó al Secretario de Justicia dentro de los noventa días siguientes a la fecha en que el reclamante conoció los daños. El propósito de esta disposición es que el ELA pueda inspeccionar de forma inmediata el lugar del accidente antes de que ocurran cambios, desaparezca evidencia o testigos, entre otras cosas. Esta Ley también excusa del requisito de notificación cuando media justa causa. En ocasiones, el Tribunal Supremo ha eximido de este cumplimiento cuando la información del incidente está en manos del Estado y las circunstancias en particular del caso así lo ameriten.

Esta reclamación presenta una de las excepciones. Coincidimos con el Tribunal de Primera Instancia en que la justa causa no descansa o se funda en el hecho de que el señor Báez es un confinado. La realidad concreta es que la Administración de Corrección posee toda la información sobre los actos de agresión y el tratamiento médico que se requirió. El ELA no se encuentra en estado de indefensión, los posibles testigos están bajo su custodia, la evidencia de los incidentes está bajo el control de la Administración de Corrección, al igual que la evidencia médica. El tratamiento médico que recibió el señor Báez en el Centro Médico de Río Piedras también esta accesible al Estado. Nos encontramos ante un pleito en el que no hay el más mínimo riesgo de que la prueba objetiva desaparezca.

El primer planteamiento de error que presenta el Procurador General expresa que erró el TPI al no requerir al demandante presentar justa causa por no haber notificado al ELA como indica la Ley 104 y declarar sin lugar la Moción de Desestimación. Sin embargo, en la oposición a la Moción de Desestimación, el señor Báez demostró que estamos ante una circunstancia excepcional que presenta justa causa por la que el señor Báez no cumplió con el requerimiento de notificación. En dicha moción se expresó lo antes mencionado, que la información de los incidentes se encuentra en manos del Estado, entre otras cosas.

El segundo error señalado expresa que erró el TPI al determinar que el Estado tenía a su alcance toda la documentación pertinente a los hechos y que su mayoría ha sido generada por el Estado. Tampoco tiene razón el Procurador General en cuanto a esto, puesto que, como discutimos, la Administración de Corrección tiene la custodia sobre los confinados y la información sobre los incidentes que ocurren dentro de sus instituciones.

Por último, alega el ELA que erró el TPI al declarar que los hechos ocurridos en febrero de 2006 no estaban prescritos. De un análisis de los hechos presentados en la Demanda, podemos apreciar que se trata de daños sucesivos. Hay dos ocasiones distintas en que el señor Báez es víctima de agresiones físicas en la institución penal de Bayamón. Fue agredido por primera vez mientras se encontraba en el módulo 4C en febrero de 2006. A consecuencia de esto, el señor Báez fue trasladado al módulo 5A dentro de la misma institución penal. Posteriormente lo regresaron al módulo 4C, donde fue agredido nuevamente el 2 de abril de 2006. El 21 de marzo de 2007, el señor Báez presentó la demanda por daños y perjuicios contra el ELA.

De acuerdo con la jurisprudencia antes citada, el término de prescripción de los daños continuados comienza a contar cuando ocurre el último daño. Por el contrario, en el caso de los daños sucesivos, el término se cuenta de forma independiente por cada daño. Los daños continuados son producidos por uno o varios actos culposos imputables a un mismo actor, unidos entre sí y de daño futuro previsible. Los daños sucesivos son varios daños que se repiten, los cuales no tienen que ser idénticos y no son previsibles.

En el presente caso, las dos agresiones ocurrieron en momentos distintos y hubo una interrupción cuando el señor Báez fue trasladado a otro módulo de la institución carcelaria. El segundo evento ocurrió cuando

trasladaron nuevamente al señor Báez al área donde se encontraban los confinados con los que éste tiene conflictos. Es decir, nos encontramos ante una secuencia de daños ciertos que a pesar de que se repitieron, no son previsibles y fueron interrumpidos uno del otro, por lo que, como apuntamos, se trata de daños sucesivos y no continuados como expresó el TPI. No era previsible que el señor Báez volviera a ser ubicado en el módulo 4C donde fue agredido. Cada traslado al área donde ocurrieron los eventos es un suceso independiente del otro.

En conclusión, la reclamación hecha por el señor Báez en cuanto al incidente ocurrido en febrero de 2006 está prescrita, ya que la demanda fue presentada transcurrido el término de un año desde que ocurrió este suceso. Sin embargo, no está prescrita en cuanto al incidente del 2 de abril de 2006.

A estos efectos, se modifica la Resolución, ya que los daños son sucesivos y no continuos como expresó el TPI. Está prescrita toda causa de acción relacionada con los hechos ocurridos en febrero de 2006. Se confirma la Resolución en lo referente a la notificación y que la causa de acción relacionada con el incidente del 2 de abril de 2006 no está prescrita.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones

**ESCOLIO 2008 DTA 107**

**1.** En cuanto a la defensa de agotamiento de remedios, el ELA se allanó a la determinación del TPI porque *"la falta de agotamientos en esta reclamación no es aplicable ni resulta fundamento idóneo para su desestimación"*. Nota al calce 1 del Alegato del ELA. Es por esta razón que este Foro no hará expresiones en cuanto a esto.