MAGDA E. PASSALACQUA y OTROS, demandantes y recurrentes, *v.* MUNICIPIO DE SAN JUAN y OTROS, demandados y recurridos.

*Número:* R-85-87      *Resuelto:* 31 de octubre de 1985

*Telesforo Rosa Resto* de *Montañez, Alicea & Rosa Resto,* abogado de los recurrentes; *Ana M. López Prieto,* abogada del recurrido.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

El 18 de julio de 1984 falleció el menor Kevin A. Meléndez Passalacqua en el Hospital Universitario del Niño donde se encontraba recluido. Sus familiares cercanos presentaron una demanda en daños y perjuicios en la que alegan que la muerte del menor fue ocasionada por "la culpa y negligencia de los demandados por impericia profesional médico-hospitalaria". Anejo I, pág. 1. La demanda fue presentada el 4 de octubre de 1984 ante el Tribunal Superior, Sala de San Juan. Cuatro días más tarde, el Municipio de San Juan, uno de los codemandados en el caso, fue emplazado.

El 11 de octubre de 1984 el codemandado Municipio de San Juan compareció mediante moción de prórroga en la cual le informó al tribunal que había recibido copia de la demanda y que estaban "realizando gestiones para proceder a iniciar la

investigación correspondiente". Anejo IV, pág. 5. El 31 de octubre de 1984 el municipio presentó una moción de desestimación en la que alegó falta de notificación previa de acuerdo con el Art. 11.03 de la Ley Núm. 146 de 18 de junio de 1980, la Ley Orgánica de los Municipios, 21 L.P.R.A. sec. 3403. Esa moción la acompañó con una declaración jurada de la Funcionaria Ejecutiva de la División Legal del Municipio de San Juan en la cual ésta aseveró sustancialmente "[q]ue de un examen de los récords y archivo de correspondencia a [su] cargo, se desprende que en [este caso] se demandó y emplazó al Municipio de San Juan el 8 de octubre de 1984, sin haberse notificado previamente". Anejo IV, pág. 10. El 21 de diciembre de 1984 los demandantes presentaron una moción de oposición a la desestimación, en la cual alegaron que ésta era improcedente, ya que al municipio se le había demandado y emplazado dentro del término de noventa (90) días "de nacida la causa de acción" y que bajo tales circunstancias la notificación requerida por la Ley Orgánica de Municipios de 1980 era "académica, innecesaria e inútil". De acuerdo con los demandantes, ellos habían cumplido con el propósito de la ley, pues el municipio tuvo conocimiento de los hechos para que pudiera investigar dentro de los noventa (90) días, pues la demanda contenía toda la información pertinente.

El 17 de enero de 1985, el tribunal dictó una sentencia parcial de desestimación de la demanda contra el Municipio de San Juan. El tribunal determinó que "[e]l acto de diligenciamiento del emplazamiento y la entrega de la demanda, [dentro del término de noventa (90) días,] de por sí solo, no satisface el requisito estatutario de [la] notificación escrita al Alcalde", y que "[au]n si la demanda se presentase al día siguiente de la ocurrencia del daño, siempre subsistiría la obligación de cursar, con antelación a la presentación de la demanda, la notificación escrita que requiere la ley". Anejo VI, pág. 13. Inconforme con esta sentencia, la parte demandante presentó ante este Tribunal un recurso de revisión. Le

concedimos al codemandado recurrido, Municipio de San Juan, un término para que mostrara causa por la cual no deberíamos expedir el auto solicitado y revocar la sentencia parcial. El municipio ha comparecido y estando en condiciones para resolver el recurso, así procedemos a hacerlo.

Una vez más se encuentra ante este Tribunal una situación que requiere que interpretemos la extensión y el ámbito del requisito de la notificación previa al soberano para poder iniciar en su contra una acción judicial de reclamación de daños personales o a la propiedad, causados por culpa o negligencia. La solución de la controversia que plantea este recurso requiere el análisis de varias cuestiones. Debemos en primer término interpretar el Art. 11.03(c) de la Ley Orgánica de los Municipios de 1980 (21 L.P.R.A. sec. 3403(c)) para determinar exactamente cuál es el requisito de notificación que establece dicho artículo. Una vez hagamos esta determinación debemos resolver si la presentación de la demanda y el emplazamiento dentro del término de noventa (90) días desde que "el reclamante tuvo conocimiento de los daños que reclama" lo exime del requisito de la notificación previa que exige el Art. 11.03(c).

I

*El requisito de notificación del Art. 11.03(c) de la Ley Orgánica de los Municipios de 1980.*

El Art. 11.03(c) de la Ley Orgánica de los Municipios de 1980, lee como sigue:

(c) La referida notificación escrita se presentará al ejecutivo municipal dentro de los noventa (90) días siguientes a la fecha en que el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

Como podrá observarse, al aprobarse este inciso del Art. 11.03 es obvio que se omitieron varias frases sumamente importantes; aquellas que indican el punto de partida para el cómputo del término de noventa (90) días que tiene un reclamante para que, antes de iniciar la acción judicial, haga la notificación al alcalde que exige la ley.

Reiteradamente hemos decidido que "[n]uestra jurisprudencia rechaza la interpretación literalista de la ley" especialmente si a plena vista se ve que se ha cometido un error. *Rivera Cabrera* v. *Registrador,* 113 D.P.R. 661, 664–665 (1982). En *Roig Commercial Bank* v. *Buscaglia, Tes.,* 74 D.P.R. 986, 998 (1953), este Tribunal determinó que si una palabra, frase o disposición ha sido aprobada por inadvertencia o error, especialmente si es contraria al resto de la ley o limitaría la efectividad de ésta, se puede eliminar. Entendemos que bajo las mismas circunstancias se puede añadir una frase o palabras, para que se pueda cumplir con la intención legislativa. R. E. Bernier, *Aprobación e interpretación de las leyes en Puerto Rico,* México, Ed. Cultural, 1963, Cap. XXXIX, pág. 216.

Para poder determinar cuáles fueron la frase o frases omitidas, debemos analizar la trayectoria histórica del requisito de la notificación al soberano y el historial legislativo de la disposición en cuestión. La Ley Orgánica de los Municipios de 1980, derogó la anterior Ley Municipal de 1960,(¹) que fue la que por primera vez estableció el requisito de notificación al ejecutivo municipal, previa la iniciación judicial de cualquier reclamación por daños personales o a la propiedad causados por la culpa o negligencia de la entidad municipal.(²)

---

(¹)Ley Núm. 142 de 21 de julio de 1960, según enmendada, 21 L.P.R.A. sec. 2001 *et seq.*

(²)Las leyes municipales anteriores, tales como la Ley Núm. 53 de 28 de abril de 1928, Estableciendo un Gobierno Local para los Municipios de Puerto Rico; la Ley Núm. 85 de 31 de julio de 1919, Estableciendo un Sistema de Gobierno Local y Reorganizando los Servicios Municipales; la Ley

624

El historial legislativo de la Ley Orgánica de los Municipios de 1980 es de poca ayuda, ya que refleja que hubo muy poca discusión sobre esta disposición. (³)

En *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491, 498 (1963) observamos que "aparentemente el Art. 96 fue tomado en gran parte de la Sec. 50-e de la Ley Municipal General de Nueva York, McKinney's, *Consolidated Laws of New York*, libro 23, págs. 85–86", y que dicha ley contiene una disposición que le permite a los tribunales conceder autorización para hacer la notificación aun después de expirado el término de

de 14 de febrero de 1906, Para Establecer un Sistema de Gobierno Local y para otros Fines y la Ley Sobre Municipalidades de 1ro de marzo de 1902 no contenían disposición alguna que requiriera notificación previa a la iniciación de la acción.

De otra parte y en lo que respecta al estatuto que autoriza las demandas contra el Estado, la Ley de Pleitos contra el Estado, Ley Núm. 104 de 29 de junio de 1955 (32 L.P.R.A. sec. 3074 *et seq.*), ésta originalmente no incluyó una disposición que requiriera notificación previa al Estado. Este requisito fue añadido mediante enmienda a dicha ley, Art. 2A de la Ley Núm. 121 de 24 de junio de 1966 (32 L.P.R.A. sec. 3077a).

En el Informe de 12 de abril de 1966 de la Comisión de lo Jurídico de la Cámara de Representantes el cual recomendaba la aprobación del P. de la C. 492, que más tarde se convirtió en la Ley Núm. 121, *supra*, se indica que el propósito de la medida era "fijar un término durante el cual deberán notificarse las reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico por daños a la persona o la propiedad causados por culpa o negligencia del Estado, siguiendo el principio de la previa notificación ya establecido en cuanto a acciones de igual naturaleza contra los municipios en virtud del Artículo 96 de la Ley núm. 142 de 21 de julio de 1960, que establece un Sistema de gobierno Local para los municipios de Puerto Rico". 2 Diario de Sesiones de la Asamblea Legislativa 845 (1966). Resulta importante señalar que al incorporar el requisito de la notificación previa a la Ley de Pleitos contra el Estado, se incluyó la frase omitida en el Art. 11.03(c) de la Ley Orgánica de los Municipios de 1980.

(³)4 Diario de Sesiones, *supra*, pág. 1783 (1958). En el curso del debate en la Cámara de Representantes del P. de la C. 285 que más tarde se convirtió en la Ley Municipal de 1960, el Representante Méndez hizo una de las pocas alusiones al Art. 96 que allí aparecen —"que si a un municipio se puede demandar, ¿por qué no se puede establecer en ley, y en la Ley Municipal, que debe ser el sitio exa[c]to, aquellas notificaciones previas para que el municipio tenga alguna defensa?"

Del escaso historial legislativo también surge que el requisito de notificación fue considerado de carácter sustantivo no procesal.

noventa (90) días, previa demostración de causa para la demora. Esta disposición no se incorporó a nuestra ley, en su lugar se insertaron los incisos (c) y (d) (⁴). El inciso (c) del Art. 96 de la Ley Municipal de 1960, según quedó aprobado disponía:

(c) La referida notificación escrita se presentará al jefe ejecutivo municipal dentro de los 90 días siguientes a la fecha en que el reclamante *tuvo conocimiento de los daños que reclama. Si el reclamante* estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los 30 días siguientes a la fecha en que cese la incapacidad. (Énfasis suplido.)

De otra parte, el P. de la C. 1011 que más tarde se convirtió en la Ley Orgánica de los Municipios de 1980, contenía una disposición, el inciso (c) del Art. 11.03(c), idéntica al inciso (c) del Art. 96 de la Ley Municipal de 1960. De todo lo anteriormente expuesto se puede colegir que la intención del legislador fue aprobar una disposición con un requisito de notificación previa igual al que aparecía en la Ley Municipal de 1960 y que aparentemente por error o inadvertencia se omitieron las frases —"tuvo conocimiento de los daños que reclama. (⁵) Si el reclamante"— entre las palabras "reclaman-

---

(⁴) El inciso (d) de la Sec. 1603 provee:

"Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligada a notificar la reclamación dentro de los 90 días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad, custodia o tutela no lo hiciere."

(⁵) Esta frase, dentro del contexto de la Ley de Demandas contra el Estado, *supra,* fue objeto de interpretación por este Tribunal en *Rivera Encarnación* v. *E. L. A.,* 113 D.P.R. 383, 385 (1982). Allí dijimos que el punto de partida para el cómputo de los noventa (90) días que tiene el re-

te" y "estuviere". Por todo lo cual resolvemos, que el Art. 11.03 (c) de la Ley Orgánica de los Municipios de 1980 debe leerse con la inclusión de las anteriores frases que por error o inadvertencia fueron omitidas de la versión que finalmente quedó aprobada. (⁶)

## II

*El Art. 11.03 (c) de la Ley Orgánica de los Municipios de 1980 y la presentación de la demanda y el diligenciamiento del emplazamiento dentro del término de los noventa (90) días.*

En reiteradas ocasiones (⁷) hemos manifestado que tanto la Ley Orgánica de los Municipios de 1980 como la Ley de Pleitos contra el Estado exigen que la notificación al soberano sea hecha no sólo dentro de los noventa (90) días contados desde que el reclamante tuvo conocimiento de los daños, sino también, antes de iniciarse la acción judicial. (⁸) En otras palabras, estas leyes requieren que se cumpla con los dos requisitos, salvo cuando exista justa causa que haga innecesaria la notificación o prolongue el término para hacerla.

En el caso de *Mangual* v. *Tribunal Superior*, supra, tuvimos la primera oportunidad de interpretar la disposición so-

clamante para hacer la notificación previa que exige la ley "no comienza a contar a partir de la ocurrencia del acto negligente o el daño, sino desde el conocimiento del daño".

(⁶) El inciso (c) del Art. 11.03 de la Ley Orgánica de los Municipios deberá leer como sigue:

"(c) La referida notificación escrita se presentará al ejecutivo municipal dentro de los noventa (90) días siguientes a la fecha en que el reclamante *tuvo conocimiento de los daños que reclama. Si el reclamante* estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad."

(⁷) *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491 (1963); *Insurance Co. of P.R.* v. *Ruiz*, 96 D.P.R. 175 (1968); *E.L.A.* v. *Tribunal Superior*, 104 D.P.R. 160 (1975); *Rivera de Vincenti* v. *E.L.A.*, 108 D.P.R. 64 (1978).

(⁸) Regla 2 de las Reglas de Procedimiento Civil:

"Un pleito se inicia con la presentación de una demanda en el tribunal."

bre notificación previa de la Ley Municipal de 1960. Este caso trataba de una demanda en daños y perjuicios incoada por un menor y sus padres contra el Municipio de Coamo. En dicha demanda se reclamaron daños relacionados con un accidente ocurrido el 3 de febrero de 1961 durante la celebración de unas fiestas patronales. El menor sufrió heridas graves al ser alcanzado por un cohete que fue quemado como parte del espectáculo de fuegos artificiales que auspiciaba el municipio. La demanda se presentó aproximadamente nueve (9) meses después de haber ocurrido el accidente, sin que se hubiese cursado la requerida notificación al municipio. El municipio presentó una moción de desestimación donde alegaba "que los hechos expuestos en la demanda dejaban de exponer una reclamación que justificara la concesión de remedio". Íd., pág. 492. Luego de una serie de trámites procesales el tribunal desestimó la demanda por no haberse cumplido con el requisito de la notificación previa al municipio dentro de los noventa (90) días. Es de esta decisión que los demandantes recurrieron ante este Tribunal. En esa ocasión dijimos que los propósitos del requisito de la notificación previa son:

> . . . 1— proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2— desalentar las reclamaciones infundadas; 3— propiciar un pronto arreglo de las mismas; 4— permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5— descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6— advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7— mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado.[9]

---

[9] *Mangual* v. *Tribunal Superior*, supra, pág. 494.

■ Citando a E. McQuillin, *The Law of Municipal Corporations*, 18 McQuillin Mun. Corp. Sec. 53.154 (1950), con aprobación expresamos que "[l]a notificación es una parte esencial de la causa de acción, y, a menos que se cumpla con la misma, no existe el derecho a demandar". *Mangual v. Tribunal Superior*, supra, pág. 495. Finalmente concluimos que "el cumplimiento del requisito de notificación es una condición previa de cumplimiento estricto para poder demandar al municipio".([10]) Íd., págs. 498–499. Sin embargo, esta posición tan absoluta se ha ido modificando para permitir excepciones. El propio McQuillin, *op. cit.*, pág. 739, y refiriéndose a la presentación de la demanda y el diligenciamiento del emplazamiento dentro del término que se establece para hacer la notificación previa, expresa:

> . . . Sin embargo, la presentación de una acción por daños por el demandante, dentro del término requerido para hacer entrega de la notificación, se ha considerado suficiente para justificar el no haber notificado a tiempo ya que se cumple cabalmente con el propósito claro del requisito, que es fomentar la investigación en las primeras etapas de una reclamación cuando la cuestión aún está fresca, hay testigos disponibles y las condiciones no han cambiado sustancialmente. . . . (Traducción nuestra.)

El próximo caso que nos brindó la oportunidad de interpretar la disposición de notificación previa al municipio fue el de *Insurance Co. of P.R. v. Ruiz*, 96 D.P.R. 175, 179 (1968). Este caso presentó la novel situación de que fue el municipio el que inició la acción de daños y perjuicios y, por lo tanto, el problema de la notificación surgió en relación con

---

([10]) En *E.L.A. v. Tribunal Superior*, supra, pág. 163, a manera de *dictum*, puesto que lo que estaba envuelto en este caso era la suficiencia de una notificación hecha al Secretario de Salud, en vez de al Secretario de Justicia, citamos nuevamente con aprobación la norma expresada en el caso de *Mangual v. Tribunal Superior*, supra, pág. 495 de que " '[l]a notificación es una parte esencial de la causa de acción, y, a menos que se cumpla con la misma, no existe el derecho a demandar'."

la reconvención compulsoria, no con la demanda. La demanda se presentó dentro de los noventa (90) días de ocurrido el accidente, pero la reconvención se hizo tres (3) días después de transcurrido dicho término. Bajo estas circunstancias, haciendo énfasis en el hecho de que la demanda del municipio se había presentado dentro de los noventa (90) días, que se trataba de una reconvención compulsoria y que el municipio no sufriría perjuicio, determinamos que "la iniciación de la acción judicial por el municipio dentro del término indicado hizo inoperante el requisito de notificación".[11] También enfatizamos que no extenderíamos sin sentido crítico el requisito de la notificación; que "[e]stas condiciones limitativas del derecho de las personas a solicitar reparación deben interpretarse restrictivamente",[12] y que "[n]o hay razón alguna para distinguir en el caso de los cuerpos políticos, pues conocida es la tendencia prevaleciente a exigirles responsabilidad en la misma forma y extensión que a las personas naturales".[13]

Siguiendo esta misma trayectoria liberalizadora, en *Insurance Co. of P.R.* v. *Ruiz*, supra, pág. 179, resolvimos que la notificación, "aunque de cumplimiento estricto, . . . no es un requisito estrictamente jurisdiccional", citado con aprobación en *Loperena Irizarry* v. *E.L.A.*, 106 D.P.R. 357, 359 (1977); *Rivera Rivera* v. *Trinidad*, 100 D.P.R. 776, 780 (1972). Sin embargo, en *Rivera de Vincenti* v. *E.L.A.*, 108 D.P.R. 64 (1978), un caso donde la Administradora del Fondo del Seguro del Estado se subrogó en los derechos de un obrero y trajo una acción en daños y perjuicios contra el Estado dentro de los noventa (90) días de haber advenido a ser final y firme la decisión de la Administradora, pero luego de haber transcurrido ocho (8) años del accidente, manifestamos, a manera

---

[11]*Insurance Co. of P.R.* v. *Ruiz*, supra, pág. 178.

[12]íd., pág. 179.

[13]íd., pág. 179.

de *dictum*, al referirnos al argumento de la Administradora "de que el emplazamiento, diligenciado dentro de los 90 días siguientes a la fecha en que advino firme su decisión, satisfizo [el requisito de la notificación previa] . . . [que bastaba] recordar que el emplazamiento se expide al radicarse la demanda, y que con ésta se inicia la acción civil". Continuamos diciendo que la disposición sobre notificación es terminante en cuanto a que dispone que " '[n]o podrá *iniciarse* acción judicial de clase alguna . . . si no se hubiese efectuado notificación escrita . . .' ". (14) No obstante y a pesar de haber asumido esta posición, resolvimos que bajo las circunstancias del caso existía justa causa que eximía al reclamante de la necesidad de cumplir con el requisito de la notificación previa y de esta forma continuamos con nuestra trayectoria liberalizadora en la aplicación del requisito de notificación y nuestro patrón de interpretar de forma restrictiva todas aquellas disposiciones que limitan el derecho de las personas a solicitar reparación. Expresamos que:

> . . . [e]l rigorismo desmedido en la exigencia de la notificación previa, que evade el elemento atemperante de "justa causa" provisto en el estatuto, no debe ser rémora en la evolución del pensamiento jurídico que tanto en la legislación como en la jurisprudencia está en marcha contra las inequi-

---

(14) *Rivera de Vincenti* v. *E.L.A.*, supra, pág. 68.

Ley Núm. 121 de 29 de junio de 1966, Art. 2A(e), 32 L.P.R.A. sec. 3077a(e):

"(e) No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta sección, a menos que no haya mediado justa causa para ello. Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro."

Ley Orgánica de los Municipios de 1980, Art. 11.03(e), 21 L.P.R.A. sec. 3403(e):

"(e) No podrá iniciarse acción judicial de clase alguna contra un municipio por daños causados por la culpa o negligencia de aquél si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos por ley."

dades residuales del otrora culto a la inmunidad del sobe-
rano, impulsado por el contemporáneo concepto que iguala al
Estado y al ciudadano ante el tribunal. En todo caso en que
la tardanza en exceso de 90 días de ocurrido el accidente, no
imputable al demandante en daños y perjuicios contra el
Estado Libre Asociado, torne inútil e inoperante la notifica-
ción previa . . ., tal notificación no será requerida, y el de-
mandante será relevado de su observancia por justa causa.
La referida notificación en el plazo relativamente corto de 90
días tiene el propósito de poner sobre aviso al Gobierno de
que ha surgido una probable causa de acción por daños en su
contra de modo que pueda activar sus recursos de investiga-
ción prontamente, antes de que desaparezcan los testigos y
las pruebas objetivas en orden a la preparación de una ade-
cuada defensa contra la reclamación o una transacción ade-
cuada de la misma, cuando proceda.([15])

En este mismo sentido en *Meléndez Gutiérrez* v. *E.L.A.*,
113 D.P.R. 811, 815 (1983) dijimos que "donde el riesgo de
que la prueba objetiva pueda desaparecer es mínimo, donde
hay constancia efectiva de la identidad de los testigos y donde
el Estado, por tanto, puede fácilmente investigar y corroborar
los hechos alegados en la demanda que se radique —no es de
aplicación inexorable [el requisito de la notificación previa]
. . . por cuanto el objetivo que se persigue mediante la aplica-
ción de la referida disposición legal no tiene razón de ser".

La presentación de la demanda y el diligenciamiento
del emplazamiento dentro del término de noventa (90) días
desde que el reclamante tuvo conocimiento de los daños que
reclama cumple cabalmente con el propósito del requisito de la
notificación previa de dar aviso de la reclamación para que
se activen los mecanismos de investigación del Gobierno antes
de que desaparezcan los testigos y la prueba objetiva. Insistir
en una notificación una vez "agotada toda [su] virtualidad y
propósito, es trasladar la controversia justiciable a los predios

---

([15])*Rivera de Vincenti* v. *E.L.A.*, supra, pág. 69.

de lo académico y ficticio". (¹⁶) Tenemos el deber de hacer que el Derecho sirva propósitos útiles sociales, no esquemas teóricos abstractos que arrojan resultados prácticos absurdos; tales como consagrar la pérdida de derechos por darle vitalidad a una condición o requisito que ya ha perdido su propósito, su razón de ser. Resolvemos en consecuencia, específicamente, que en casos de reclamaciones por daños y perjuicios personales o a la propiedad, causados por la culpa o negligencia del Estado o el municipio, donde la parte demandante haya presentado la demanda y diligenciado el emplazamiento dentro del término que requiere la ley para hacer la notificación previa al soberano, Art. 11.03, de la Ley Orgánica de los Municipios de 1980 (21 L.P.R.A. sec. 3403) y Art. 2A de la Ley de Pleitos contra el Estado, 32 L.P.R.A. sec. 3077a, tal notificación no será requerida, y el demandante quedará relevado de su observancia por justa causa.

Por los fundamentos antes expuestos, *se dictará sentencia que revoque la aquí recurrida.*

---

(¹⁶)*Rivera de Vincenti* v. *E.L.A.*, supra, pág. 70.