ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JESÚS MÁRQUEZ MATOS<br>Recurrido<br><br>v.<br><br>MUNICIPIO DE SAN JUAN Y OTROS<br>Peticionario | KLCE202500034 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV06930<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de febrero de 2025.

Comparece ante nosotros el Gobierno de Puerto Rico y el Departamento de Transportación y Obras Públicas (DTOP o Gobierno o peticionario) y solicita que revoquemos la *Resolución,* notificada el 27 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró no ha lugar a la *Moción de Desestimación* interpuesta por el peticionario.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I.**

El 26 de julio de 2024, el señor Jesús Márquez Matos (señor Márquez Matos o recurrido) incoó una causa de acción[1] en contra del Estado Libre Asociado de Puerto Rico (ELA), el Municipio de San Juan (MSJ) y MAPFRE PRAICO Insurance Company (MAPFRE), sobre daños y perjuicios al amparo del Artículo 1536 de la Ley Núm.

---

[1] Apéndice, págs. 1-3.

Número Identificador

SEN2025_____

55-2020, conocida como el Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10801. Adujo que, el 30 de septiembre de 2023, sufrió una caída en la acera frente a su residencia, localizada en la Calle Loíza del Municipio de San Juan. Sostuvo que, el ELA y el MSJ son los responsables por los actos negligentes y/o culposos de sus empleados y/o agentes, así como, por las condiciones de las aceras que le ocasionaron los daños físicos y emocionales sufridos.

Por su parte, el 16 de octubre de 2024, el Departamento de Justicia del Gobierno de Puerto Rico, en representación del ELA, y supliendo capacidad legal a su agencia (DTOP) instó una *Moción de Desestimación*. En ella, interpelaron la desestimación de la causa de acción en su contra, en virtud de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5), bajo el fundamento de que el recurrido incumplió el requisito de notificación de su intención de demandar al ELA, en violación al Artículo 2-A de la Ley Núm. 104 de 29 de junio de 1955, Ley de Reclamaciones y Demandas contra el Estado (Ley Núm. 104), 32 LPRA sec. 3077(a).

El 18 de noviembre de 2024, el recurrido se opuso a la solicitud de desestimación. Expuso que, notificó al ELA de su reclamación mediante la radicación de la demanda de epígrafe, el 26 de julio de 2024. Reconoció que, notificó al MSJ sobre el accidente veintiocho (28) días después del accidente, no así al ELA. En síntesis, arguyó que no procede la desestimación de su causa porque no existe riesgo de que la prueba objetiva desaparezca y, por entender que, el MSJ no lo orientó sobre la posible responsabilidad del DTOP por los daños y perjuicios reclamados. Sobre tales bases, opinó que no procedía la desestimación de su demanda por la falta de notificación al Estado.

El TPI ponderó las posturas de las partes y determinó que la comunicación del recurrido dirigida al MSJ resultaba suficiente para eximir al señor Márquez Matos de notificar al ELA. Destacó que, el

riesgo de desaparición de prueba era mínimo y el Estado se puede beneficiar de la investigación del MSJ y de sus representantes, mediante un descubrimiento de prueba.

Inconforme, el peticionario acude ante nos y señala los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de desestimación del Estado, en virtud de lo dispuesto en la Regla 10.2 de Procedimiento Civil, a pesar de que el recurrido -en forma clara y sin mediar justa causa- incumplió con el requisito de notificar al Estado, por conducto del Secretario de Justicia, sobre su intención de demandarlo dentro del término de noventa días a partir del conocimiento del daño y de sus posibles autores, lo que este pudo haber conocido de haber realizado las diligencias razonables *mínimas* que nuestro ordenamiento jurídico exige a todo promovente de una acción judicial.

> Erró el Honorable Tribunal de Primera Instancia al avalar la desacertada teoría del recurrido de que el Estado puede "beneficiarse" de la notificación que el demandante le cursó al MSJ y de la investigación realizada por dicho ayuntamiento sobre los alegados hechos.

En atención a lo antes, emitimos una *Resolución* el 17 de enero de 2025, mediante la cual concedimos un término a la parte recurrida para exponer su posición. Sin embargo, ha transcurrido el término concedido sin que haya acreditado cumplimiento, por lo que, según advertido, procedemos a resolver sin el beneficio de su comparecencia.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al,* supra. A

diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*.

*Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### B. La Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas derrotará la pretensión de la parte demandante. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros,* 2024 TSPR 13, resuelto el 16 de febrero de 2024; *Eagle Security v. Efrón Dorado, et al.,* 211 DPR 70, 83 (2023). Particularmente, la Regla 10.2, *supra,* enumera las

siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*; *Díaz Vázquez y otros v. Colón Peña y otros,* 2024 TSPR 113, resuelto el 25 de octubre de 2024; *Blassino Alvarado y otro v. Reyes Blassino y otro,* 2024 TSPR 93, resuelto el 20 de agosto de 2024.

Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Díaz Vázquez y otros v. Colón Peña y otros,* supra; *Blassino Alvarado y otro v. Reyes Blassino y otro,* supra. Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor. *Íd.*

Cabe destacar que, la desestimación de una demanda no procede, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. *Íd.* En ese sentido, nuestro más Alto Foro ha establecido que, una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* va dirigida a los méritos de la controversia, no a aspectos procesales del caso. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros*, supra.

### C. Ley de Reclamaciones y Demandas contra el Estado

Como regla general, el ELA posee inmunidad soberana. *Rosario Mercado v. ELA*, 189 DPR 561 (2013). Sin embargo, mediante la Ley Núm. 104, *supra,* el ELA renunció parcialmente a

dicha inmunidad y consintió a ser demandado en daños y perjuicios por los actos u omisiones culposas o negligentes de sus funcionarios, siempre y cuando se den determinadas circunstancias. *Casillas Carrasquillo v. ELA,* 209 DPR 240, 247 (2022); *ELA v. El Ojo de Agua Development,* 205 DPR 502 (2020). En lo pertinente, el Artículo 2-A de la citada ley, *supra,* exige que toda persona que interese entablar una reclamación por daños en contra del Estado notifique por escrito al Secretario de Justicia, dentro de los noventa (90) días desde que advino en conocimiento de los daños que reclama y antes de iniciar la acción judicial. *Toro Rivera et als. v. ELA et al.,* 194 DPR 393 (2015). Lo anterior, con el objetivo de ofrecer al ELA la oportunidad de investigar los hechos que dieron lugar a la reclamación en su contra y desalentar las reclamaciones injustificadas, entre otros. *Rosario Mercado v. ELA*, supra. A esos fines, el Artículo 2-A de la Ley Núm. 104, *supra,* dispone lo siguiente en torno a las notificaciones:

> (a) Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia. [...]
> (b) [...]
> (c) La referida notificación escrita se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.
> (d) [...]
> (e) No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en este Artículo, a menos que no haya mediado justa causa para ello. Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.
> (f) [...]

Precisamos que, el requerimiento de notificación en las acciones de daños en contra del ELA o sus municipios es de cumplimiento estricto. *Cirino González v. Adm. de Corrección,* 190 DPR 14 (2014). Del propio texto de la Ley Núm. 104, *supra,* surge que no procede la desestimación de una demanda si existe justa causa para la falta de notificación o para la tardanza en efectuarla.

Ahora bien, el Tribunal Supremo aclaró en *Toro Rivera et als. v. ELA et al.,* supra, que la liberalización del requisito de notificar no pretende dejar sin efecto su cumplimiento. Más bien, permite al reclamante aplazar o eximir su fiel cumplimiento siempre y cuando justifique su demora mediante "explicaciones detalladas, específicas y concretas que nos permitan ponderar, si en efecto, concurren las circunstancias extraordinarias capaces de excusar su conducta." *Íd.,* pág. 426. Sobre este tema, nuestro más Alto Foro dictaminó que, la presentación de la demanda y el diligenciamiento del emplazamiento dentro del término de noventa (90) días desde que la parte reclamante tuvo conocimiento de los daños constituirá justa causa para relevar al demandante de notificar al ELA. *Passalacqua v. Mun. de San Juan,* 116 DPR 618, 631-632 (1985).

### III.

En esencia, el peticionario nos solicita la revocación de la determinación recurrida, por entender que, el TPI incidió al no desestimar la demanda en contra del DTOP. Ello, ante la falta de notificación de la intención del señor Márquez Matos de demandar al ELA, por conducto del Secretario de Justicia, conforme exige la Ley de Reclamaciones y Demandas contra el Estado, *supra.* Le asiste la razón.

Según reseñamos, los hechos que dieron lugar a la presente causa de acción ocurrieron el 30 de septiembre de 2023. En respuesta, el 26 de julio de 2024, el señor Márquez Matos incoó la presente causa de acción en daños y perjuicios en contra del ELA,

del MSJ y de MAPFRE. En consideración a lo anterior, y según la normativa antes expuesta, el recurrido tenía hasta el 30 de diciembre de 2023 para notificar al Secretario de Justicia sobre su intención de presentar una reclamación en contra del ELA, lo cual no hizo.

El recurrido arguyó y así lo autorizó el TPI, que procede eximirlo de notificar al Secretario de Justicia debido a que, el MSJ conocía de los hechos; que era deber del MSJ de informar al ELA sobre su responsabilidad; y, como el MSJ está en control de toda la evidencia investigativa, no existe riesgo de que dicha prueba desaparezca o de colocar al ELA en estado de indefensión.

Por su parte, mediante el recurso ante nos, el peticionario puntualiza que, la Regla 10.2 de las Reglas de Procedimiento Civil, *supra,* permite la desestimación de la causa en esta etapa de los procesos ante el incumplimiento de un requisito de índole jurisdiccional. Plantea que, al caracterizar el requisito de notificación, como uno de cumplimiento estricto, el señor Márquez Matos no estableció una justa causa por su omisión, como tampoco estableció de forma fehaciente, los fundamentos para eximirlo de dicho cumplimiento. Expuso que, al transcurrir el término de rigor, el recurrido no demostró un mínimo grado de diligencia para identificar y notificar sobre la posible responsabilidad del DTOP, quien resulta ser una entidad jurídica separada del MSJ, cuyos intereses y recursos son independientes entre sí. Sostuvo que, el cuadro fáctico procesal ubicó al Gobierno en un estado de indefensión pues fue casi un año después de los hechos que advino en conocimiento de la reclamación en su contra.

Al entender sobre la presente causa, resulta pertinente destacar que, el requisito de notificación que establece la Ley Núm. 104, *supra,* responde a una política pública clara de velar únicamente por los intereses del Estado. *Toro Rivera et als. v. ELA*

*et al.,* supra. Evaluados los argumentos del recurrido concluimos que ninguna de las razones que expuso ante el foro primario como justificación para su omisión constituye una explicación detallada, específica y concreta suficiente para excusarlo de su deber de notificar al Secretario de Justicia.

Ante el incumplimiento del recurrido con el requerimiento de notificación que le impone la Ley Núm. 104, *supra,* y en ausencia de una justa causa para ello, el TPI estaba obligado a desestimar la causa de acción en contra del ELA y del DTOP por falta de jurisdicción, al amparo de la Regla 10.2, *supra.*

Por los fundamentos antes esbozados, concluimos que el foro primario incidió al no desestimar la demanda en contra del peticionario. En su consecuencia justipreciamos que, procede la expedición del auto de *certiorari* y revocación de la *Resolución* recurrida, conforme dispone la Regla 40 de nuestro Reglamento, *supra.*

**IV.**

En virtud de lo anterior, se expide el auto de *certiorari,* se revoca la *Resolución* recurrida y se desestima con perjuicio, la demanda instada en contra del Estado, aquí peticionario.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones