Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSÉ R. SÁNCHEZ LAUREANO<br><br>Apelante<br><br>v.<br><br>MUNICIPIO DE GURABO, ALCALDESA DE GURABO SRA. ROSA CHELLY RIVERA, SR. JOSÉ ROMÁN DIRECTOR DE OBRAS PÚBLICAS Y OTROS<br><br>Apelados | TA2025AP00125 | Apelación procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil núm.: GR2022CV00177 (802)<br><br>Sobre: Cobro de Dinero Ordinario, Daños |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

El Tribunal de Primera Instancia ("TPI"), por las alegaciones, desestimó una demanda de daños contra el Municipio de Gurabo, en conexión con la supuesta demolición de un inmueble. Según se explica a continuación, concluimos que el demandante perdió dicha causa de acción al no haber notificado al Municipio oportunamente de su intención de demandar.

I.

En junio de 2022, por derecho propio, el Sr. José Sánchez Laureano (el "Demandante") presentó la acción de referencia, sobre daños y perjuicios (la "Demanda"), en contra, en lo pertinente, del Municipio de Gurabo (el "Municipio").

El Demandante expuso que se encontraba recluido cumpliendo una sentencia de 99 años. Alegó que había vivido con su familia en una estructura ubicada en un solar del Municipio. No obstante,

aseveró que él había comprado el solar, y que la estructura, la cual heredó de su madre, había sido demolida por el Municipio, luego de ser declarada como estorbo público. Solicitó que el Municipio le "pague el valor del inmueble y el solar al valor del mercado actual"; además, reclamó $2,000,000 en daños y perjuicios. En marzo de 2024, el Demandante enmendó la Demanda y alegó que los trabajos de demolición se realizaron "durante los años 2017, 2018, 2019 y 2020".

Luego de varios trámites, mediante una Sentencia notificada el 19 de mayo de 2025 (la "Sentencia"), el TPI desestimó la Demanda. El TPI resaltó que el Municipio había acreditado que el inmueble (la "Propiedad") había sido declarado estorbo público. Reseñó que, ante un señalamiento del Municipio, se le había requerido al Demandante que informara si había "remitido una comunicación al municipio sobre intención de presentar demanda", pero que el Demandante se "limitó a exponer que la propiedad era de sus padres".

Por tanto, el TPI concluyó que, por no haberse acreditado que el Demandante notificara oportunamente al Municipio su intención de presentar la Demanda, la misma debía desestimarse. El TPI también observó que el Demandante tampoco había "mostrado documento fehaciente de titularidad alguna que lo acredite como dueño del inmueble."

Inconforme, el 7 de julio, por derecho propio, el Demandante presentó el recurso que nos ocupa, en el cual reproduce lo planteado ante el TPI. El Municipio presentó su alegato en oposición. Resolvemos[1].

---

[1] Contrario a lo planteado por el Municipio, el recurso es oportuno, pues se presentó dentro del término de 60 días disponible para apelar una sentencia en casos en que un municipio es parte. Véase Regla 13(A) del Reglamento de este Tribunal. Por esta razón, no tiene pertinencia que la moción de reconsideración de la Sentencia, presentada por el Demandante, no haya interrumpido dicho término. Por otra parte, tampoco conlleva la desestimación del recurso el que, supuestamente, el Demandante haya fallado en notificar la apelación al Municipio pues la propia plataforma de este Tribunal le cursó dicha notificación al Municipio el 14 de julio (también dentro del término de 60 días).

## II.

El Artículo 1.051 de la *Ley 107-2020* (el "Código Municipal"), 21 LPRA sec. 7082, exige, como condición para demandar por daños a un municipio, que se notifique al mismo dentro de los 90 días siguientes a los hechos; el lenguaje actual dispone:

> Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.
>
> (a) Forma de entrega y término para hacer la notificación.
>
> Dicha notificación se entregará al Alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del Alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines.
>
> La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.
>
> Si el perjudicado fuere un menor de edad o una persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, estará obligada a notificar al Alcalde la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación por su propia iniciativa dentro del término prescrito, si quien ejerce la patria potestad, custodia o tutela no lo hace.
>
> (b) Requisito jurisdiccional. —
>
> No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en este

> Artículo.  No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio contra el que se presenta la reclamación.

Esta disposición es similar a otra que requiere notificación al Estado Libre Asociado de Puerto Rico antes de instar una demanda de daños contra dicha parte.  32 L.P.R.A sec. 3077a.

Este requisito de notificación persigue los siguientes fines: (1) proporcionar al gobierno la oportunidad de investigar los hechos que dan origen a la reclamación; (2) desalentar las reclamaciones infundadas; (3) propiciar un pronto arreglo de las mismas; (4) permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; (5) descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; (6) advertir a las autoridades de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. *Acevedo Ramos v. Municipio de Aguadilla*, 153 DPR 788, 801 (2001); *López v. Autoridad de Carreteras*, 133 DPR 243, 248 (1993); *Passalacqua v. Municipio de San Juan*, 116 DPR 618, 627 (1985); *Mangual v. Tribunal Superior*, 88 DPR 491, 494 (1963).

Desde al menos 1963, se ha considerado que este requisito es indispensable, es decir, que esta notificación "es una parte esencial de la causa de acción y, a menos que se cumpla con la misma, no existe el derecho a demandar". *Mangual*, 88 DPR a la pág. 495; véanse, además, *López*, 133 DPR a la pág. 249; *Passalacqua*, 116 DPR a la pág. 628.

De forma similar, al igual que desde hace décadas, el estatuto actual requiere que la notificación vaya dirigida al alcalde del municipio y que contenga ciertos extremos en torno a los detalles de la reclamación. *Acevedo Ramos*, 153 DPR a las págs. 797-798.

Este tipo de requisito se interpreta restrictivamente. *Zambrana Maldonado v. ELA*, 129 DPR 740, 756 (1992); *Passalacqua*, 116 DPR a la pág. 629; *Insurance Co. of P.R. v. Ruiz*, 96 DPR 175, 179 (1968); *Acevedo Ramos*, 153 DPR a la pág. 788; *López*, 133 DPR a la pág. 252.

Por su parte, en ciertas circunstancias, el requisito sencillamente no es aplicable. No se trata de que se exima al litigante de cumplir con el requisito por "justa causa", sino de que "jurídicamente no [tiene] razón de ser aplicar el requisito [en ciertas] circunstancias ya que no fue para ellas que se estableció dicho requisito"[2]. *López*, 133 DPR a la pág. 252; véanse, además, *Meléndez Gutiérrez v. ELA*, 113 DPR 811, 815 (1983); *Romero Arroyo v. ELA*, 127 DPR 724, 736 (1991).

Así pues, el requisito de notificación en controversia no aplica "donde el esquema legislativo carece de virtualidad, propósito u objetivo y donde jurídicamente no hay razón para aplicarlo". *Acevedo Ramos*, 153 DPR a la pág. 799. Por ejemplo, el requisito de notificación no aplica cuando un municipio tiene "pleno conocimiento", previo y oportuno, de los hechos objeto de la reclamación. *Acevedo Ramos*, 153 DPR a la pág. 801.[3]

El hilo conductor de esta jurisprudencia es que el requisito no aplica cuando no tendría sentido exigir su cumplimiento a la luz del propósito del requisito. Por ello es crucial recordar el propósito del requisito: "poner sobre aviso [al Municipio] de que ha surgido una probable causa de acción por daños en su contra de modo que pueda activar sus recursos de investigación prontamente, antes de que desaparezcan los testigos y las pruebas objetivas en orden a la

---

[2] La utilización, en parte de la jurisprudencia, del término "cumplimiento estricto", al referirse a este requisito, únicamente se refería al hecho de que, en ciertos contextos, el requisito sencillamente no aplicaba, no a que un litigante sería eximido de cumplir con el mismo si mostraba justa causa.

[3] También se ha aclarado que el requisito de notificación no aplica en situaciones donde el riesgo de que la prueba objetiva pueda desaparecer es mínimo, donde hay constancia efectiva de la identidad de los testigos y donde el municipio, por tanto, puede fácilmente investigar y corroborar los hechos alegados en la demanda. *Acevedo Ramos v. Municipio de Aguadilla*, 153 DPR 788. 800 (2001); *Romero Arroyo v. ELA*, 127 DPR a las págs. 735-736; *Meléndez Gutiérrez v. ELA*, 113 DPR a la pág. 815.

preparación de una adecuada defensa contra la reclamación o una transacción adecuada de la misma, cuando proceda". *Rivera de Vicenti v. ELA*, 108 DPR 64, 69 (1978); *Romero Arroyo,* 127 DPR a la pág. 734.

## III.

Concluimos que la omisión de notificación oportuna al Municipio, por el Demandante, de su intención de reclamar daños por una demolición ocurrida años antes, privó de jurisdicción al TPI de considerar los méritos de la Demanda. Adviértase que dicho término es jurisdiccional, el Demandante admite haber conocido de los hechos objeto de su reclamación entre los años 2017 y 2020, y este no acreditó haber cursado notificación alguna al Municipio antes de presentar la Demanda en el 2022.

Aun si se considerara inaplicable el referido requisito en este contexto, la realidad es que la Demanda no presenta una causa de acción viable. Sus alegaciones, especialmente en cuanto a la legitimación del Demandante para reclamar derecho alguno en torno la Propiedad, son escuetas y genéricas, careciendo así de la mínima claridad y especificidad necesarias en este contexto. Ello cobra aún más relevancia ante la ausencia total de documento alguno que acredite tal legitimación, ello a pesar de los señalamientos del Municipio al respecto a lo largo del trámite de referencia.

## IV.

Por los fundamentos expresados, se confirma la sentencia apelada[4].

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Hemos determinado denegar la solicitud del Municipio de imponer sanciones por temeridad al Demandante.