Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| JEANNETTE SANTIAGO LUCERNA<br>Recurrida<br><br>v.<br><br>MAPFRE-PRAICO INSURANCE COMPANY, FULANO DE TAL, SUTANO DE TAL y OTROS<br>Demandados<br><br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>Peticionario | KLCE202500314 | *Certiorari* procedente del Tribunal de Primera Instancia Sala de Bayamón<br><br>Civil Núm.<br>BY2023CV06103<br><br>Sobre:<br>Caída<br>(Daños y Perjuicios) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, juez ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de mayo de 2025.

Comparece el Gobierno de Puerto Rico, en representación del Departamento de Transportación y Obras Públicas (DTOP o peticionaria), solicitando la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Bayamón, (TPI), el 24 de enero de 2025. Mediante dicho dictamen el foro primario declaró *Sin Lugar* la *Moción de Desestimación* presentada por el DTOP en la cual arguyó que la Sra. Jeannette Santiago Lucerna, (señora Santiago Lucerna o recurrida), incumplió con el requisito de notificarle al Secretario de Justicia sobre su reclamación de daños dentro del término de noventa (90) días, según lo exige la *Ley de Reclamaciones y Demandas Contra el Estado,* infra.

Por los fundamentos que exponemos a continuación, decidimos *Denegar* expedir el auto de *certiorari* solicitado.

## I. Resumen del Tracto Procesal

El 27 de octubre de 2023, la señora Santiago Lucerna instó una reclamación contra Mapfre-Praico Insurance Company (Mapfre-Praico o aseguradora), en su capacidad de aseguradora del Municipio de Cataño (el Municipio). En su *Demanda* esta adujo que el Municipio negligentemente omitió reparar huecos y grietas en la Avenida Las Nereidas de la Urbanización Bay View, carretera que estaba bajo la jurisdicción del Municipio. Alegó que, a raíz de dicha omisión, el 18 de febrero de 2023, sufrió una caída mientras transitaba en bicicleta por la aludida vía de transporte, lo cual le provocó una hemorragia parietal intracerebral y además requirió intervención quirúrgica en su hombro. Señaló que el dato sobre quién ostentaba la jurisdicción del lugar donde ocurrieron los hechos narrados surgía de una certificación que le proveyó el propio Municipio, de 30 de mayo de 2023.

Pasados unos meses, el 27 de abril de 2024, la señora Santiago Lucerna presentó una *Demanda Enmendada,* con el fin de incluir como demandados al DTOP, a través del Estado Libre Asociado de Puerto Rico. Explicó como causa para la enmienda solicitada que, posterior a que el Municipio certificara que la avenida donde ocurrieron los hechos era de su jurisdicción, el DTOP emitió una certificación, el 22 de abril de 2024, indicando que la jurisdicción, control y mantenimiento de la referida carretera le correspondía.

Tras varios incidentes procesales, que no conciernen a la controversia ante nosotros, el DTOP, a través del Departamento de Justicia de Puerto Rico, (el DJ, en adelante), presentó una *Moción de Desestimación,* el 29 de julio de 2024. En esta esgrimió que la recurrida había incumplido con el requisito de notificar al Secretario de Justicia dentro del término de noventa (90) días que exige el Artículo 2-A(c) de la *Ley de Reclamaciones y Demandas Contra el Estado,* 32 LPRA sec. 3077a. Sobre lo mismo, adujo que la señora Santiago Lucerna tenía hasta el 18 de

mayo de 2023 para notificarle al Secretario de Justicia sobre su alegado incidente, toda vez que la citada legislación exige que el término de notificación comienza a partir del conocimiento de los alegados daños, entiéndase el 18 de febrero de 2023. Sin embargo, no fue sino hasta el 24 de mayo de 2023 que la recurrida remitió una misiva al Secretario de Justicia avisando su intención de demandar, en clara inobservancia del referido término estatutario. El DTOP añadió que, aun cuando dicho término era uno de cumplimiento estricto, la señora Santiago Lucerna falló en alegar circunstancia alguna que justificara su incumplimiento. Como consecuencia, se esgrimió que el DJ no tuvo la oportunidad de investigar el alegado incidente dentro de una fecha cercana a los hechos.

En respuesta, la recurrida instó *Oposición a Moción de Desestimación*. Explicó cómo inicialmente el Municipio le había representado ostentar la jurisdicción del lugar donde ocurrieron los hechos, a través de una certificación suscrita el 30 de mayo de 2023, pero, ya instada la *Demanda*, el 23 de febrero de 2024, fue notificada de otra certificación, esta vez suscrita por el DTOP, donde se afirmaba que la carretera donde ocurrió el accidente era una vía estatal, bajo la jurisdicción de dicha agencia gubernamental. A partir de ello, arguyó haber advenido en conocimiento sobre a quién correspondía la jurisdicción de la avenida en la fecha en que se enteró de la referida certificación del DTOP, momento que marcó el inicio del término de noventa (90) días para notificarle al ELA sobre la causa acción ya presentada. Es decir, la señora Santiago Lucerna razonó que venía obligada a hacer la correspondiente notificación al DJ en o antes del 23 de mayo de 2024, fecha en que concluía el término de noventa días, tomando como punto de partida el referido 23 de febrero del mismo año, requisito que entiende satisfizo cuando presentó la demandada enmendada y emplazó al ELA el 27 de abril de 2024 y 3 de mayo de 2024, respectivamente.

En desacuerdo, el DTOP presentó una *Réplica a Oposición a Moción de Desestimación,* el 20 de septiembre de 2024. Luego de reiterar los argumentos levantados en su *Moción de desestimación,* añadió que, en cuanto al argumento de que la recurrida no hubiese conocido desde el principio que la jurisdicción del área de la caída le correspondía al Estado Libera Asociado de Puerto Rico, (ELA), antes de presentar la *Demanda Enmendada,* la señora Santiago Lucerna había notificado al Secretario de Justicia su intención de demandar, el 24 de mayo de 2023[1]. Por tanto, dicha parte sí tenía conocimiento de que el área de la caída de la demandante pudiese pertenecer al ELA.

A lo anterior la recurrida ripostó mediante *Dúplica* que la teoría cognoscitiva del daño resultaba aplicable al requisito de notificación exigido por la *Ley de Reclamaciones y Demandas contra el Estado,* infra. Por tanto, arguyó que, debido a los actos del Municipio, siempre estuvo bajo la creencia que era dicha entidad la responsable por los daños causados. Esgrimió que, el hecho de haber notificado al ELA de manera cautelar previo a conocer a qué entidad la correspondía el mantenimiento del lugar donde ocurrió el accidente, no impedía que se tomara como punto de partida para computar el término de noventa (90) días, el momento en que advino en conocimiento de manera formal de que era el ELA el presunto causante del daño.

Es así como, el 27 de enero de 2025, el TPI emitió la *Resolución Interlocutoria* que nos ocupa, denegando la *Moción de Desestimación* instada por el DTOP. Al decidir esto, el foro primario razonó que el término para ejercer la causa de acción por alegados daños y perjuicios no comienza a partir del momento en que acontece el daño, sino desde que se conoce quién lo causó, (teoría cognoscitiva del daño). A partir de lo cual, relacionó dicha teoría cognoscitiva del daño, con el término de noventa días dispuesto por la Ley de Pleitos Contra el Estado, *infra,* para que la

---

[1] Apéndice del recurso de *certiorari,* pág. 83.

parte que se disponga a presentar una Demanda contra este notifique al DJ. En consecuencia, determinó que, en este caso, el punto de partida del término para notificar al DJ de la causa de acción contra el DTOP, inició cuando se le notificó a la recurrida que la carretera estaba bajo el control del DTOP.

Insatisfecho, el DTOP presentó una *Moción de Reconsideración*, que fue declarada *Sin Lugar*.

Ante lo cual, el DTOP acude ante nosotros mediante recurso de *certiorari*, alzando los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de desestimación del Estado, en virtud de lo dispuesto en la Regla 10.2 de Procedimiento Civil, a pesar de que la recurrida —en forma clara y sin mediar justa causa— incumplió el requisito de notificar al Estado, por conducto del Secretario de Justicia, sobre su intención de demandarlo dentro del término de noventa días a partir del conocimiento del daño y de sus posibles autores

> Erró el Honorable Tribunal de Primera Instancia al razonar que la notificación dirigida de la "teoría cognoscitiva del daño" y que ello no tuvo el efecto de "desvanecer su reclamo" contra el Gobierno de Puerto Rico.

A raíz de ello, la señora Santiago Lucerna presentó *Oposición a Expedición de Certiorari.*

## II. Exposición de Derecho

a.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Claro, la discreción judicial no es

irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece, que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de, en lo pertinente; la denegatoria de una moción de carácter dispositivo.

Si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra*, nos corresponde evaluar si a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, se justifica nuestra intervención.

Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra. A fin de cuentas, como ya mencionado, la característica distintiva del recurso de *certiorari se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR 194 (2023). A lo que se añade que nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001).

b.

En *Porto Rico v. Rosaly*, el Tribunal Supremo de los Estados Unidos confirió inmunidad soberana al Estado Libre Asociado de Puerto Rico. *Porto Rico v. Rosaly*, 227 U.S. 270 (1913); Véase, *Rosario Mercado v. E.L.A.*, 189 DPR 561, 565 (2013). No obstante, este renunció parcialmente a dicha inmunidad mediante la adopción de la *Ley de Reclamaciones y Demandas contra el Estado* (Ley Núm. 104). 32 LPRA sec. 3074, *et seq. Rosario*

*Mercado v. E.L.A,* supra. Esto es, el ELA permitió que toda persona que tuviere reclamaciones en su contra pudiera presentar una acción en daños, cuando haya mediado negligencia por parte del Estado o funcionarios. 32 LPRA sec. 3077. Sin embargo, dicha renuncia estaba sujeta a varias condiciones. Entre estas se encuentra la establecida en el artículo 2-A de la Ley Núm. 104 que requiere notificar al ELA a través del Secretario de Justicia, dentro de los noventa (90) días siguientes a la fecha en que el demandante tuvo conocimiento de los daños. *Íd.* El incumplimiento con el requisito de dicha notificación es capaz de impedir reclamaciones torticeras contra el Estado ya que se impone a la parte agraviada el deber de dirigir una notificación escrita al Secretario de Justicia, como requisito de cumplimiento estricto. *Toro Rivera v. ELA*, 194 DPR 393 (2015).

Ya en *Berríos Román v. E.L.A.*, 171 DPR 549 (2007), nuestro alto foro había delineado con precisión el perfil normativo del requisito de notificación bajo la Ley Núm. 104. La Curia dictaminó que:

> "La *norma general* es que el requisito de notificación debe ser aplicado, de manera rigurosa, en acciones contra el Estado o los municipios por daños ocasionados por su culpa o negligencia de estos." Sobre la importancia del requisito de notificación hemos señalado que éste "es una parte esencial de la causa de acción y, a menos que se cumpla con la misma, no existe derecho a demandar." *Íd.*, pág. 559 (énfasis en el original) (citas omitidas).

En otras palabras:

> [E]l requisito de notificación opera como una limitación al derecho a demandar en daños y perjuicios al Estado por las actuaciones u omisiones culposas o negligentes de sus agentes, funcionarios o empleados. *No obstante, en determinadas circunstancias, la Ley Núm. 104 extiende el período estatutario para notificar al Estado y exime al reclamante de cumplir con dicho requisito si demuestra la existencia de justa causa.* (Énfasis provisto). *Íd.* en la pág. 558.

Ahora bien, el mismo alto foro ha eximido a un demandante del requisito de notificación al ELA cuando "sus objetivos carecen de virtualidad y podrían conllevar a una injusticia". *Toro Rivera v. ELA*, supra. Así, se ha liberado del cumplimiento con el requisito de notificación bajo la

Ley Núm. 104 en casos de impericia médica en el cual los daños presuntamente sufridos surgen en un hospital administrado por el Estado; cuando se demanda y emplaza al ente gubernamental dentro de los 90 días; en acciones de subrogación instadas por la Corporación del Fondo del Seguro del Estado, una vez la reclamación contra el ELA adviene final y firme y la tardanza no es imputable al demandante; y cuando se demanda al funcionario al que se debe notificar la reclamación, quien tiene conocimiento personal de los hechos. *Toro Rivera v. ELA,* supra. Sobre lo acentuado, *la presentación de la demanda y el diligenciamiento del emplazamiento dentro del término de noventa (90) días desde que el reclamante tuvo conocimiento de los daños que reclama cumple cabalmente con el propósito del requisito de la notificación previa a dar aviso de la reclamación* para que se activen los mecanismos de investigación del Gobierno antes de que desaparezcan los testigos y la prueba objetiva. *Íd.* Insistir en una notificación una vez agotada toda su virtualidad y propósito, es trasladar la controversia justiciable a los predios de lo académico y ficticio. *Passalaqua v. Mun. De San Juan,* 116 DPR 618 (1985).

Con el fin de determinar cuándo comienza a transcurrir el término de noventa días para notificar al Estado, nuestro Tribunal Supremo resolvió que se utilizará por analogía la teoría cognoscitiva del daño. *Toro Rivera v. ELA,* supra*,* en la pág. 415. En este sentido, el punto de partida del periodo prescriptivo comienza desde que el agraviado*:* (1) supo del daño, o razonablemente debió conocerlo; (2) **quién fue su autor**, y (3) desde cuándo éste conoce los elementos necesarios para ejercitar efectivamente la acción. (Énfasis provisto). *Íd.* En definitiva, *la fecha para el cómputo del término en el cual existe. el deber de notificar al Estado, es aquella que cumple con los requisitos esbozados aplicables al inicio del término prescriptivo. Íd.*

**III. Aplicación del Derecho a los hechos**

a.

Según identificamos en la exposición de derecho, una de las causas que justificaría nuestra intervención con un dictamen interlocutorio proveniente del TPI es la denegatoria de una moción de carácter dispositivo. Regla 52.1 de Procedimiento Civil, *supra.* Precisamente, el DTOP nos solicita la revocación de la denegatoria de la moción de desestimación que presentó bajo la Regla 10.2 de Procedimiento Civil, *supra.* Siendo dicha moción una de las denominadas *dispositivas*, por virtud de la Regla 52.1 citada estaríamos en posición de intervenir con el dictamen interlocutorio cuya revocación se nos solicita, si así decidiéramos ejercitar nuestra discreción. *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.,* supra.

A pesar de lo indicado en el párrafo que precede, sigue siendo cierto que la característica distintiva del recurso de *certiorari se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, supra.

b.

Iniciamos por resaltar que en su recurso de *certiorari,* luego del DTOP incluir una extensa discusión de *Danelly González v. Mun. Autónomo de San Juan,* 212 DPR DPR 601 (2023), llegó a la conclusión de que, en el contexto de acciones en daños y perjuicios por desperfectos en aceras públicas, *solo existen dos posibles escenarios: **la acera es del Estado o de un municipio**, en virtud de cuál de las dos entidades tiene la jurisdicción sobre la carretera a la cual pertenece dicha acera. Si la acera pertenece a una carretera estatal, la acera es estatal, pero si la acera*

*pertenece a una carretera municipal, la acera es municipal*[2]. (Énfasis provisto).

Precisamente, de las alegaciones incluidas en la *Demanda enmendada* surge que, para fines de considerar una moción de desestimación bajo la R. 10.2 de Procedimiento Civil[3], debemos interpretar de la manera más favorable[4], inicialmente, y por causa de una certificación suscrita por el Municipio, que la señora Santiago Lucerna entendió que la jurisdicción de la avenida era de dicha entidad, y por ello dirigió la causa de acción en contra de este. Bajo tales alegaciones también surge que, solo fue en un momento posterior de presentar la *Demanda* contra el Municipio que, a través de otra certificación, pero suscrita por el DTOP, la recurrida advino en conocimiento de que, realmente, la jurisdicción de la avenida correspondía a esta última agencia. Por tanto, siguiendo la lógica de la porción de la Opinión citada en la última oración del párrafo que precede, determinado por la recurrida que la avenida era del Municipio, por virtud del certificado que este le presentó y suscribió, podía confiar en tal información para determinar a quién dirigir su causa de acción inicialmente, pues ***la acera es del Estado o de un municipio***, pero no de ambas.

Sobre lo mismo, partiendo del análisis de favorabilidad que necesariamente guía la interpretación de las alegaciones al adjudicar una moción de desestimación, en modo alguno podríamos hallar prejuicio, parcialidad, pasión o error manifiesto en la determinación del TPI al concluir que la recurrida notificó oportunamente al DJ de la causa de acción contra el DTOP. Partiendo de la teoría cognoscitiva del daño, según expresamente reconocida por el foro recurrido, no apreciamos error manifiesto al este concluir que la recurrida notificó al DJ de su causa de acción contra el DTOP, una vez advino en conocimiento de que este último

[2] Recurso de *certiorari*, pág. 21.
[3] 32 LPRA Ap. V, R. 10.2.
[4] *López García v. López García*, 200 DPR 50 (2018); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033.

poseía la jurisdicción de la acera donde ocurrió el accidente, mediante la certificación que, a esos fines suscribió, lo que ocurrió en fecha posterior a la certificación que a los mismos fines había suscrito el Municipio.

Con todo, el DTOP le imputa negligencia a la señora Santiago Lucerna al presuntamente no haber hecho gestiones para enterarse que la jurisdicción de la avenida la ostentaba la referida agencia administrativa. En este sentido, el DTOP impulsa que la recurrida no podía esgrimir como defensa que desconocía quién ostentaba la jurisdicción de la referida acera para notificar tardíamente de la causa de acción al DJ, pues tal presunto desconocimiento le era atribuible a su falta de investigación y diligencia. A partir de lo cual, sigue razonando la peticionaria, nada impedía que la recurrida notificara al DJ sobre su intención de demandar, dentro de los noventa (90) días estatutarios, máxime cuando ya le había notificado al Secretario de Justicia, de manera tardía, el 24 de mayo de 2023, fecha previa a conocer de la certificación del DTOP.

De nuevo, en esta etapa del proceso, examinadas las certificaciones expedidas por el Municipio[5] y el DTOP[6], sobre quién ostentaba la jurisdicción de la avenida en las fechas allí provistas, no podemos atribuirle falta de diligencia a la recurrida en conocer tal hecho medular. Lo cierto es que, tomando como ciertas las alegaciones contenidas en la *Demanda enmendada,* y la evidencia documental que surge del expediente para sostenerlas, no cabe intervenir con la determinación recurrida en términos de la que la señora Santiago Lucerna instó su causa de acción contra el Municipio oportunamente, tomando en consideración la certificación expedida por esta para fines de definir la jurisdicción de la avenida, y de igual forma se comportó al advenir en conocimiento de que era el DTOP quien ostentaba la jurisdicción sobre dicho lugar, notificando al DJ.

---

[5] Apéndice del recurso de *certiorari*, pág. 112.
[6] Id, pág. 117.

## IV. Parte Dispositiva

Por lo explicado, hemos decidido *Denegar* expedir el recurso de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica su Secretaria. La jueza Santiago Calderón disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| JEANNETTE SANTIAGO LUCERNA<br>Recurrida<br><br>v.<br><br>MAPFRE-PRAICO INSURANCE COMPANY, FULANO DE TAL, SUTANO DE TAL y OTROS<br>Demandados<br><br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>Peticionario | KLCE202500314 | *Certiorari* procedente del Tribunal de Primera Instancia Sala de Bayamón<br><br>Civil Núm. BY2023CV06103<br><br>Sobre:<br>Caída<br>(Daños y Perjuicios) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

**VOTO DISIDENTE DE LA JUEZA SANTIAGO CALDERÓN**

En San Juan, Puerto Rico, a 23 de mayo de 2025.

Muy respetosamente disiento de la determinación tomada por la mayoría del Panel. Soy de la opinión que, en el caso de autos, el Tribunal de Primera Instancia (TPI) no podía obviar el requisito de notificación al Secretario o Secretaria de Justicia contemplado en la *Ley de Pleitos contra el Estado*[7] para sustituirlo con la aplicación de la teoría cognoscitiva del daño.

Veamos, sucintamente los hechos y el derecho que considero más relevante a la controversia que nos ocupa. Arguye la señora Santiago Lucerna o recurrida que, el 18 de febrero de 2023, sufrió un accidente al caer en unos huecos en la Avenida Las Nereidas de la Urbanización Bay View (Avenida Las Nereidas) en Cataño. Alega que, debido a las características de la carretera y un anuncio colocado por el Municipio de Cataño en cuanto a las mejoras de la carretera donde ocurrió su accidente, le proporcionó la certeza de que dicho Municipio ostentaba la jurisdicción de la Avenida Las Nereidas[8], a su vez, detalla que, el 24 de

---

[7] 32 LPRA secc. 3077 a.
[8] *Oposición a petición de certiorari.*

mayo de 2023[9], notifica al Secretario de Justicia <u>como medida cautelar y conforme a la Ley de Pleitos contra el Estado (Ley 104)</u>[10] y al Municipio de Cataño. El 30 de mayo de 2023, el Municipio de Cataño emitió una certificación de jurisdicción y propiedad de la Avenida Las Nereidas[11]. Aduce que la comunicación que precede dio base para sostener conversaciones transaccionales con el Municipio de Cataño. Al no lograr un acuerdo transaccional, el 27 de octubre de 2023, la señora Santiago Lucerna presenta la *Demanda* de daños y perjuicios contra MAPFRE, asegurador del Municipio de Cataño.

Así las cosas, el <u>27 de noviembre de 2023</u>, Mapfre contesta la *Demanda*[12] y, entre las defensas, esboza: "*13. Los hechos alegados en la Demanda fueron causados por uno o varios terceros, por cuyos actos los comparecientes no responden civilmente. 14. Los hechos alegados en la Demanda son consecuencia de la negligencia y culpa del demandante o de un tercero*"[13].

El 8 de abril de 2024, Mapfre es quien solicita al TPI una orden para obtener información del Departamento de Transportación y Obras Públicas (DTOP)[14]. Expedida la orden[15], el 22 de abril de 2024, DTOP emite una certificación, en la cual expone que la PR 888-Avenida Las Nereidas, en el municipio de Cataño, es una carretera estatal bajo su jurisdicción, control y mantenimiento. El 27 de abril de 2024, la señora Santiago Lucerna solicita enmendar la *Demanda*[16] y, el 6 de mayo de 2024, es emplazado el DTOP[17]. El 29 de julio de 2024, el Gobierno de Puerto Rico presenta *Moción de Desestimación*[18]. En esta, alega que la *Demanda Enmendada* debe ser desestimada por el incumplimiento de la señora Santiago Lucerna

---

[9] Apéndice del *Certiorari*, pág. 83.
[10] De acuerdo con la Ley 104, el término para notificar era hasta el 19 de mayo de 2023.
[11] Apéndice *Certiorari*, pág. 112.
[12] Entrada # 6 SUMAC.
[13] *Íd.*
[14] Entrada #13 SUMAC.
[15] Entrada #14 SUMAC.
[16] Entrada # 16 SUMAC.
[17] Entrada # 24 SUMAC.
[18] Entrada # 33 SUMAC.

con *el requisito de notificación oportuna de posible demanda al Estado y/o de la justa causa para el incumplimiento por parte de las demandantes. Esta notificación era requerida para que se pudiera activar el mecanismo de investigación para poder identificar testigos y documentos esenciales que sean pertinentes a la reclamación*[19]. El 19 de agosto de 2024, la señora Santiago Lucerna se opuso a la desestimación[20] y expone que *los 90 días para notificar sobre la intención de demandar al estado comenzaron a decursar desde que la parte demandante no tan solo conoció el daño sufrido, sino quien se lo ocasionó. Esto es el 23 de febrero de 2024, cuando recibió por primera vez una Certificación del Municipio de Cataño indicando que la carretera donde ocurrió el accidente era estatal y no municipal*[21] y razona que, al emplazar *al ELA dentro de los 90 días desde que la parte demandante conoció quien le produjo el daño, resulta forzoso concluir que la parte demandante cumplió el requisito de notificación impuesto por la Ley Núm. 104-1955, razón por la cual la demanda no debe ser desestimada*[22].

Ante ello, el TPI determina que *no es un hecho controvertido el que la demandante de epígrafe en efecto realizó una notificación al estado fuera de los 90 días, contados desde la fecha en que se alega sucedió el accidente de marras*[23]. Sin embargo, el tribunal procede a aplicar la teoría cognoscitiva del daño, *la demandante no incumplió con el contenido del artículo 2A puesto este aun no conocía quien era el responsable para poder ejercitar una demanda de daños y perjuicios en su día*[24].

Respetuosamente, expreso mi disenso en torno a la determinación emitida por la mayoría del Panel, al confirmar la *Resolución Interlocutoria* emitida por el foro primario, mediante la cual se deniega expedir el auto de *certiorari*. Basado en que no podemos atribuir falta de diligencia a la señora Santiago Lucerna.

---

[19] *Íd.*
[20] Entrada # 37 SUMAC.
[21] *Íd.*
[22] *Íd.*
[23] Entrada # 67 SUMAC.
[24] *Íd.*

Sin embargo, el Artículo 2A de la Ley 104[25], requiere que toda persona que interese entablar una reclamación por daños contra el Estado notifique al Secretario de Justicia dentro de los noventa (90) días de ocurrido el incidente del que surge la reclamación[26]. En dicha notificación deberá hacer constar la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia[27]. Ahora, si el reclamante estuviera física o mentalmente impedido de hacer la notificación en el término de noventa (90) días dispuesto, podrá hacerlo dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad[28].

Es mi opinión que este requisito debe aplicarse de manera rigurosa, pues sin su cumplimiento, no hay derecho a demandar al Estado, que de otra forma es inmune a reclamaciones[29]. Así pues, la reclamación judicial no podrá instarse sin la notificación, salvo **si se muestra justa causa**[30], (lo cual no se hizo en este caso).

Es un hecho cierto que la señora Santiago Lucerna no notificó al Secretario de Justicia dentro del término establecido y tampoco brindó una justa causa por incurrir en una dilación. Ante el incumplimiento craso con la Ley 104, el foro primario acoge la aplicación de la teoría cognoscitiva del daño para concluir que no se incumple con el Art. 2A de la Ley 104.

Al revisar *Toro Rivera et als. v. ELA et al.*, 194 DPR 393, 396 (2015), nuestro Tribunal Supremo aclaró cuándo comienza a discurrir el término

---

[25] 32 LPRA secc. 3077a.
[26] *Rosario Mercado v. ELA*, 189 DPR 561, 566 (2013).
[27] *Íd.*
[28] *Íd.*
[29] *Berríos Román v. ELA,* 171 DPR 549, 559 (2007).
[30] *Rosario Mercado v. ELA, supra.* Notificaciones. (32 LPRA § 3077a). (c) La referida notificación escrita se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad

de noventa (90) días para notificar al Estado de la intención de demandarle por daños ocasionados por conducta negligente de funcionarios gubernamentales asociada a **una causa de acción por persecución maliciosa**, así como el término de noventa (90) días para notificar al Estado de la intención de entablar una demanda en su contra. En lo específico, que "*nace desde que el agraviado conoce del daño, quién lo causó, así como los detalles necesarios para poder iniciar efectivamente su reclamación*"[31]. Además, el momento en que se conoce el daño y quién lo causó, es materia de prueba e interpretación judicial.

Ahora bien, desde mi perspectiva, la teoría cognoscitiva del daño no es de aplicación al caso. Es norma reiterada por el Tribunal Supremo que: *Como parte de la doctrina sobre la prescripción extintiva hemos reconocido la teoría cognoscitiva del daño. Dicha teoría puede considerarse **como una excepción a la norma de que un término prescriptivo comienza a transcurrir cuando objetivamente ocurre el daño,** pues desde ese momento se podría ejercer una causa de acción. La referida teoría establece que una causa de acción en particular surge cuando el perjudicado descubrió o pudo descubrir el daño y quién lo causó, y conoció los elementos necesarios para poder ejercitar efectivamente su causa de acción[32]. Santiago v. Ríos Alonso, 156 DPR 181, 189 (2002). Por esto, el término para ejercer una acción no comienza a transcurrir cuando se sufre el daño, sino cuando se conocen los elementos necesarios para ejercitar la acción. Padín v. Cía. Fom. Ind.**, 150 DPR 403, 411 (2000). Como expresamos en Vega v. J. Pérez & Cía., Inc., 135 DPR 746 (1994), por consideraciones de justicia se estima que el término comienza a transcurrir, no desde que se sufre, sino desde que subjetivamente se conoce el daño[33]. **En lo que respecta a acciones en daños y perjuicios hemos seguido la corriente civilista liberal de reconocer un elemento subjetivo a la hora de determinar**

---

[31] *Toro Rivera et als. v. ELA et al.*, *supra*, 396.
[32] *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010).
[33] *COSSEC et al. v. González López et al.*, 807, refiriéndose a *Padín v. Cía. Fom. Ind.*, *supra*, citando a *Vega v. J. Pérez & Cía., Inc.*, *supra*.

**cuándo surge una causa de acción. No obstante, siempre hemos recalcado que, si el desconocimiento se debe a falta de diligencia, entonces no son aplicables estas consideraciones sobre la prescripción**[34].

Adviértase que, *la postergación del término prescriptivo supone que el reclamante no sabía ni podía saber quién fue el autor. Pero **si no hay un elemento fáctico o material que impida conocer quién es el responsable, si el desconocimiento se debe a la falta de investigación o diligencia del reclamante, entonces no procede este requisito sobre la identidad del autor que en la doctrina liberal se ha sobreimpuesto a la normativa sobre la prescripción**. Colón Prieto v. Géigel, supra, págs. 244-246; Toledo Maldonado v. Cartagena Ortiz, 132 DPR 249 (1992)*[35].

Tras revisar la norma jurisprudencial precitada, la señora Santiago Lucerna tenía que demostrar la fecha en que advino en conocimiento de los elementos necesarios para ejercer la causa de acción y, que ha empleado diligencia mínima para conocer los responsables del daño. Fíjese que, la recurrida de forma cautelar, aunque tardíamente, notifica al Secretario de Justicia, **esto porque el Gobierno podía ser responsable del alegado daño**[36]. No obstante, ante la certificación y el rótulo del Municipio de Cataño, la señora Santiago Lucerna descarta erróneamente al Estado[37]. La recurrida opta por descontinuar las investigaciones necesarias en el caso de accidente en carreteras y /o aceras conducentes a determinar quién sería el responsable por los alegados daños.

---

[34] *Íd*

[35] *López v. Autoridad de Carreteras*, 133 DPR 243, 255 (1993).

[36] Según el Art. 404 del Código Político, 3 LPRA secc. 422 establece que, **el Gobierno de Puerto Rico debe responder civilmente e indemnizar a los perjudicados por los daños y perjuicios ocasionados por desperfectos, falta de reparación o protección suficiente en cualquiera de sus vías de comunicación a cargo del DTOP,** salvo que pruebe que los desperfectos fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos.

[37] *González Meléndez v Mun. Aut. San Juan,* 212 DPR 601, 620 (2023): De este modo, si cualquiera de las instancias del Art. 15.005 de la Ley de Municipios Autónomos, *supra*, se cumple, entonces se está ante una limitación para demandar a los municipios, para la cual no existe una excepción en ley. Se trata, pues, de una lista *numerus clausus* establecida por el legislador, y solo él puede variarla.

Por tal razón, y a mi juicio, este es un caso de un craso incumplimiento con el Artículo 2A de la Ley 104, *supra.* Primero, por haber notificado tardíamente al Secretario; segundo, por no demostrar o alegar que, en efecto, existe justa causa para la dilación o el incumplimiento; y, tercero, porque sus actos reflejan que no ejerció un mínimo grado de diligencia para indagar quien era realmente el custodio de la Avenida Las Nereidas, requisito que ha de cumplir para poder esgrimir la teoría cognoscitiva del daño.

La prueba documental permite concluir que la recurrida no cumplió con la Ley 104, *supra,* ni los parámetros de la teoría que acoge para prevalecer en el caso de autos. Ante ello, hubiese expedido el auto de *certiorari,* y revocado la decisión recurrida.

Grisel M. Santiago Calderón
Jueza de Apelaciones